**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LOCAL 731, I.B. OF T., PRIVATE SCAVENGERS AND GARAGE ATTENDANTS PENSION TRUST FUND; and LOCAL NO. 731, I.B. OF T., GARAGE ATTENDANTS, LINEN AND LAUNDRY HEALTH AND WELFARE FUND, | ) ) ) ) ) | NO.  18-CV-5071 |
| Plaintiffs, | ) ) | JUDGE: |
| vs. | ) ) | MAGISTRATE JUDGE: |
| HARMON MOTOR SERVICES & CONSTRUCTION, INC., an Illinois Corporation; and LORENZO HARMON, an Individual, | ) ) ) ) | |
| Defendant. | ) ) | |

**COMPLAINT**

NOW COME the Plaintiffs, the LOCAL 731, I.B. OF T., PRIVATE SCAVENGERS AND GARAGE ATTENDANTS, PENSION TRUST FUND ("PENSION FUND") and the LOCAL 731 I.B. OF T., GARAGE ATTENDANTS, LINEN AND LAUNDRY HEALTH AND WELFARE FUND ("WELFARE FUND") (collectively "FUNDS"), by and through their attorneys, JOHNSON & KROL, LLC, and complain of the Defendants, HARMON MOTOR SERVICES & CONSTRUCTION, INC. ("HMS") and LORENZO HARMON ("HARMON"), as follows:

**JURISDICTION AND VENUE**

1.      Count I of this action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act (29 U.S.C. § 185).  The Court

has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185(c), 1132(e)(1), and 1145 as well as 28 U.S.C. § 1331.

2.   Count II of this action arises under an executed Installment Note and Settlement Agreement ("Settlement Agreement") between the HMS, HARMON, and the FUNDS.  The Settlement Agreement involved repayment of a judgment entered in Case No. 17-cv-6997 against HMS and on behalf of the FUNDS.  The Court has supplemental jurisdiction over the subject matter in this action pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2) in that the FUNDS, are administered at 1000 Burr Ridge Parkway, Suite 301, Burr Ridge, Illinois, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

4.   The FUNDS receive contributions from numerous employers pursuant to the Collective Bargaining Agreements between the employers and the Teamsters Local Union No. 731 ("Local 731"), and therefore are multiemployer plans under 29 U.S.C. § 1002.

5.   Local 731 is the bargaining representative of Defendant HMS's bargaining unit employees.

6.   Defendant HMS is an Illinois corporation with its principal place of business located in Chicago, Illinois.

7.   Defendant HARMON is an individual with his principal residence in Chicago, Illinois.

## COUNT I
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENT

8.   Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

9.      HMS is an employer engaged in an industry affecting commerce that is bound by the provisions of the Collective Bargaining Agreement ("CBA") negotiated with Local 731 for all times relevant to this action.  (A copy of the CBA is attached as **Exhibit 1**).

10.     Through the CBA referred to in Paragraph 9, HMS also became bound by the provisions of the Agreements and Declarations of Trust which created the FUNDS (hereinafter referred to as the "Trust Agreements").

11.     Pursuant to the provisions of the CBA and the Trust Agreements, HMS is required to submit monthly reports indicating the names of and contributions made on behalf of its bargaining unit employees (hereinafter referred to as "monthly Remittance Reports") and pay weekly contributions for each bargaining unit employee employed by HMS during that week at the negotiated rate.  The monthly Remittance Reports and contributions during all times relevant were due on or before the twentieth (20th) day of the calendar month following the calendar month during which contributions are due.

12.     Pursuant to Section 502(g)(2) of ERISA, and the provisions of the CBA and Trust Agreements, employers who fail to submit their monthly Remittance Reports and contributions to the FUNDS on or before the 20th day of each month are responsible for the payment of liquidated damages equal to 10% of the amount unpaid; in the event a lawsuit is filed to collect the unpaid amounts, an additional 10% in liquidated damages is assessed on the unpaid amount.

13.     Pursuant to Section 502(g)(2) of ERISA and the provisions Trust Agreements, employers who fail to submit their monthly Remittance Reports and contributions to the FUNDS on or before the 20th day of each month are responsible for the payment of interest equal to 1% per month, compounded monthly, of the unpaid amount from the month in which the

3

contribution was due and for each month in which the contribution remains delinquent.

14.     HMS twice submitted a check to the PENSION FUND for December 2017 contributions totaling $11,347.00 that could not be deposited because of insufficient funds.

15.     HMS submitted a check to the FUNDS for February 2018 contributions totaling $17,061.80 that could not be deposited because of insufficient funds.

16.     HMS failed to submit contributions to the FUNDS for the months of March, April, and May of 2018 totaling $51,185.40.

17.     HMS failed to timely submit its monthly Remittance Reports and contributions for December 2017, February 2018, March 2018, April 2018, and May 2018, resulting in interest totaling $2,616.13 and liquidated damages totaling $8,221.03.

18.     A recently completed payroll compliance audit for the period of June 12, 2015, through March 31, 2017, revealed that HMS owes the aggregate amount of $20,428.60 in unpaid contributions to the FUNDS.

19.     As a result of HMS's failure to pay its contributions in a minutely manner for the period of June 12, 2015, through March 31, 2017, Defendant HMS owes interest in the aggregate amount of $2,705.47 to the FUNDS.

20.     As a result of HMS's failure to pay its contributions in a minutely manner for the period of June 12, 2015, through March 31, 2017, Defendant HMS owes liquidated damages in the aggregate amount of $2,042.86 to the FUNDS.

21.     Pursuant to the CBA and Trust Agreements, HMS is obligated to pay the cost of the payroll compliance audit referenced in paragraphs 18-20, which totaled $1,325.00.

22.     Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing the Plaintiffs from HMS.

23.     Plaintiffs have complied with all conditions precedent in bringing this suit.

24.     HMS is obligated to pay additional liquidated damages of $8,221.03 related to the delinquent contributions referenced in paragraphs 14-17 as a result of the FUNDS' filing of this suit to collect the delinquent contributions.

25.     HMS is obligated to pay additional liquidated damages of $2,042.86 related to the delinquent contributions revealed by the payroll compliance audit referenced in paragraphs 18-20 as a result of the FUNDS' filing of this suit to collect the delinquent contributions.

26.     HMS is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).


**WHEREFORE**, Plaintiffs respectfully request:

A.      That this Honorable Court enter Judgment in favor of Plaintiffs and against HMS in the amount of $98,652.40 for all unpaid contributions, liquidated damages, and interest revealed to be owing for December 2017, February 2018, March 2018, April 2018, and May 2018;

B.      That this Honorable Court enter Judgment in favor of Plaintiffs and against HMS in the amount of $27,219.79 for all unpaid contributions, liquidated damages, and interest revealed to be owing for the payroll compliance audit period of June 12, 2015, through March 31, 2017;

C.      That this Honorable Court enter Judgment in favor of Plaintiffs and against HMS for any other amounts discovered to be due and owing to Plaintiffs by HMS in addition to those identified in paragraphs A and B above;

D.    That HMS be ordered to pay $1,325.00 for the cost of the payroll compliance audit incurred by the Plaintiffs pursuant to the CBA and Trust Agreements;

E.    That HMS be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements, and 29 U.S.C. §1132(g)(2)(D); and

F.    That Plaintiffs have such other and further relief as the Court may deem just and equitable all at HMS's cost, pursuant to 29 U.S.C. §1132(g)(2)(D).

## COUNT II
## BREACH OF THE INSTALLMENT NOTE AND SETTLEMENT AGREEMENT

27.    Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-26 of this Complaint with the same force and effect as if fully set forth herein.

28.    HARMON is the President of HMS.

29.    On November 28, 2017, the Honorable Judge Charles P. Kocoras entered judgment in Case No. 17-cv-6997 finding HMS in default and entered judgment on behalf of the FUNDS and against HMS in the amount of $34,198.76 for unpaid and late-paid contributions for various months during the period of July 2015 through March 2017, as well as liquidated damages, interest, and attorney's fees and costs.

30.    On January 10, 2018, HMS and HARMON, individually as a guarantor, entered into a Settlement Agreement with the FUNDS. (A copy of the Settlement Agreement is attached as **Exhibit 2**).

31.    The Settlement Agreement called for HMS and HARMON to make fifteen (15) installment payments to the FUNDS in the amount of $2,442.12, which represented repayment of the $34,198.76 judgment with interest at a rate of 12% per annum, compounded monthly.

32.    HMS and HARMON failed to remit the installment due on July 10, 2018.

33.     On July 19, 2018, Plaintiffs' counsel sent HMS and HARMON notice of breach of the

Settlement Agreement as well as HMS and HARMON'S failure to remit monthly

contributions for the months of December 2017, February 2018, March 2018, April 2018,

and May 2018, and required HMS and HARMON to cure the defaults within two (2) days

as provided by the Settlement Agreement.

34.     HMS and HARMON failed to cure the defaults within the two-day period.

35.     As a result of HMS and HARMON's failure to cure the defaults, the FUNDS accelerated

the remaining installments and a balance of $21,979.08 is now due and owing under the

Settlement Agreement.

36.     Furthermore, HMS and HARMON are liable for interest at a rate of 12% per annum on the

present balance along with the FUNDS' attorney's fees and costs incurred when enforcing

the Settlement Agreement, pursuant to the Settlement Agreement.

37.     Plaintiffs have complied with all conditions precedent in bringing this suit.


**WHEREFORE**, Plaintiffs respectfully request:

A.      That this Honorable Court enter Judgment in favor of Plaintiffs and against HARMON in

the amount of $21,979.08, representing the remaining installment payments due under the

Settlement Agreement;

B.      That this Honorable Court enter Judgment in favor of Plaintiffs and against HMS and

HARMON, jointly and severally, for interest owed on the defaulted Settlement Agreement;

C.      That this Honorable Court enter Judgment in favor of Plaintiffs and against HMS and/or

HARMON for any other amounts discovered to be due and owing to Plaintiffs by HMS

and/or HARMON in addition to those identified in paragraphs B and C above;

7

D.      That HMS and HARMON, jointly and severally, be ordered to pay the reasonable

attorney's fees and costs incurred by the Plaintiffs pursuant to the Settlement Agreement;

and

E.      That Plaintiffs have such other and further relief as the Court may deem just and equitable

all at HMS and HARMON's cost, pursuant to 29 U.S.C. §1132(g)(2)(D).


                                        Respectfully Submitted,

                                        **LOCAL 731, I.B. OF T., PRIVATE
                                        SCAVENGERS AND GARAGE
                                        ATTENDANTS, PENSION TRUST
                                        FUND** *et al.*

                                        /s/ William M. Blumthal, Jr. - 6281041
                                        One of Plaintiffs' Attorneys


William M. Blumthal, Jr.
**JOHNSON & KROL, LLC**
311 S. Wacker Drive, Suite 1050
Chicago, IL 60606
(312) 757-5477